**GIBBONS P.C.**
Philip W. Crawford, Esq.
Amanda M. Munsie, Esq.
One Pennsylvania Plaza - 37th Floor
New York, New York  10119-3701
(212) 613-2000
pcrawford@gibbonslaw.com
amunsie@gibbonslaw.com
*Attorneys for Plaintiff*
*Ametek, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMETEK, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH SHORE INTERNATIONAL, INC., a company formed under the laws of the State of New York,<br><br>Defendant. | *Document Filed Electronically*<br><br>Civil Action No.:  2:16-cv-2258<br><br><br><br>**COMPLAINT** |

Ametek, Inc. ("Ametek" or "Plaintiff"), by and through its counsel, Gibbons P.C., by way of Complaint against Defendant North Shore International, Inc. ("North Shore" or "Defendant"), hereby alleges as follows:

**THE NATURE OF THE ACTION**

1. This matter seeks damages, inter alia, for breach of contract against North Shore arising out of the sale of certain power generation parts and supplies and the failure of North Shore to pay for same. The parts were sold by the Ametek Power Instruments, an unincorporated working division of Ametek, Inc. The unpaid amount due to Ametek is $91,969.47, plus accrued

interest as of the date of this Complaint in the amount of $26,181.50. Interest continued to accrue at the rate of 1.5 percent per month on the unpaid balance.

## PARTIES, JURISDICTION, AND VENUE

2. Ametek is a Delaware corporation with its principal place of business in Berwyn, Pennsylvania.

3. Upon information and belief, North Shore is a New York domestic corporation with its principal place of business located at 1855 Imperial Avenue, New Hyde Park, New York 11040.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, inasmuch as Ametek and North Shore are citizens of different states, and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue in the United States District Court for the Eastern District of New York is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this district and Defendant is subject to personal jurisdiction in this district.

## FACTS

6. Ametek is a manufacturer of engineered systems and products. Ametek's Power Instrument division makes, *inter alia*, specialty instrumentation and related devices for power generation purposes. Ametek maintains a number of manufacturing and servicing plants nationwide.

7. North Shore holds itself out as exporter of sophisticated components, parts and supplies for the oil, gas, and power generation industries.

2270092.2 003677-92205

8. On or about December 31, 2013, North Shore ordered $243,322.73 in parts and equipment, all of which Ametek supplied on or about January 31, 2014. North Shore however failed to pay $121,969 of the sum due Ametek.

9. On or about January 21, 2016, the parties entered into an agreement (hereinafter "the Agreement," annexed hereto as Exhibit A) whereby North Shore agreed to a payment schedule of the sums due from North Shore to Ametek. The schedule included five (5) separate payments, the first due within five (5) days of execution of the agreement.

10. On or about January 22, 2016, in accord with the Agreement, North Shore remitted the first of five payments in the amount of $30,000.

11. North Shore's second payment of $30,000 was due on April 15, 2016. Despite numerous demands by Ametek, North Shore failed to remit payment.

12. The unpaid amount due to Ametek of $91,969.47, plus accrued interest in the amount of $26,181.50 remains outstanding.

13. Pursuant to the Agreement, Ametek is permitted to file suit for an acceleration of all monies due, including principal and past interest and a doubling of all interest going forward at 1.5 percent per month.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

14. Ametek repeats and realleges the allegations contained in paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Ametek has timely and fully performed all of its obligations to Defendant by delivering the equipment sought by Defendant.

16. Invoices were duly served upon the Defendant.

2270092.2  003677-92205

17.  The terms and conditions accompanying the invoices called for payment to be made within thirty (30) days of invoicing and that interest at the rate of 1.5 percent per month could be charged by Seller on unpaid balances.

18.  The total of the invoices for equipment sold by under the Agreement is $243,323.00.  North Shore refused to pay $121,969.47 of the balance due.

19.  Ametek made multiple demands to North Shore to procure payment for the outstanding invoices.

20.  To settle the amount due between the parties, the parties entered into an agreement on or about January 21, 2016.

21.  In accord with the Agreement, on or about January 22, 2016, North Shore remitted one payment in the amount of $30,000.

22.  Ametek made multiple demands to North Shore to procure the second payment per the terms of the agreement.

23.  North Shore has refused to initiate the second payment of $30,000 and accordingly, has refused to pay $91,969.47 of the balance due.

24.  Interest in the amount of $26,181.73 remains outstanding.

25.  Pursuant to the terms of the Agreement, Ametek is permitted to file suit for an acceleration of all monies due, including principal and past interest and a doubling of all interest going forward at 1.5 percent per month

26.  Pursuant to the terms of the Agreement, attorneys' fees are due and owing should it be necessary to institute legal action to recover damages.  Said fees being due not only for the prosecution of the within action, but also with reference to all costs associated with collection on the judgment once entered.

**WHEREFORE**, Ametek demands entry of judgment against Defendant on the First Count of the Complaint for damages in the amount of $118,151.20, plus continuing interest accruing at the rate of 1.5 percent and post-judgment interest, as well as attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

27. Ametek repeats and realleges the allegations contained in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Defendant is indebted to Ametek for the amount set forth in the Agreement for the equipment sold to Defendant pursuant to the Agreement between the parties.

29. Ametek has demanded payment of the amount due from Defendant, but Defendant has failed to make payment.

30. By virtue of the continued failure to pay Ametek the amounts due and owing under the Agreement as aforesaid, Defendant has been unjustly enriched in the sum not less than $91,969.47, together with accrued interest in the amount of $26,181.73, as well as all interest going forward in the accruing at the rate of 1.5 percent, and such other amount as may be deemed due and owing thereunder.

31. Defendant's failure to pay amounts due and owing under the Agreement has unjustly enriched Defendant and damaged Ametek.

**WHEREFORE**, Ametek hereby demands judgment against Defendant on the Second Count of the Complaint, plus pre- and post-judgment interest, as well as attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

2270092.2  003677-92205

## THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

32. Ametek repeats and realleges the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. At all times, Defendant had a duty to act in good faith and to deal fairly with Ametek in connection with the Agreement.

34. Defendant intentionally, deliberately and in bad faith refused and failed to discharge its contractual obligations by not timely paying Ametek the sums due for the equipment supplied to it.

35. Defendant has no legal justification for its failure to timely pay Ametek amounts due or accruing under the Agreement.

36. As a result of its conduct, Defendant has breached the covenant of good faith and fair dealing, and deprived Ametek of its reasonable expectation and benefit of the bargain under the contract and Agreement at issue thereby causing Ametek to suffer damages including opportunity costs, principal recoupment, and loss of profit.

**WHEREFORE**, Ametek hereby demands judgment against Defendants on the Third Count of the Complaint, plus pre- and post-judgment interest, as well as attorneys' fees, costs of suit, and such other relief as this Court deems just and proper.

**GIBBONS P.C.**
One Pennsylvania Plaza - 37th Floor
New York, New York 10119-3701
(212) 613-2000; Fax: (973) 639-6327
Attorneys for Plaintiff

Dated: May 5, 2016　　　　　　　　　　By: /s/ Philip W. Crawford
　　　　New York, NY　　　　　　　　　　　　Philip W. Crawford
　　　　　　　　　　　　　　　　　　　　　　　Amanda M. Munsie

2270092.2  003677-92205