UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
AMETEK, INC.,
      Plaintiff,

          v.

NORTH SHORE INTERNATIONAL, INC.,
      Defendant.
---------------------------------------------------------x

Case No.: 16-cv-2258 (SJF)(ARL)

**ORDER ADOPTING REPORT & RECOMMENDATION and GRANTING CONTEMPT MOTION**

FILED
CLERK
1:08 pm, Jul 26, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

FEUERSTEIN, Senior District Judge.

On May 5, 2016, Plaintiff Ametak, Inc. ("Plaintiff") commenced this action against Defendant North Shore International, Inc.("Defendant") seeking money damages for breach of contract, unjust enrichment, and breach of the covenant of good faith and fair dealing.  (*See* Complaint (ECF No. 1).)  Failing to appear or otherwise defend the action, on June 10, 2016, the Defendant was defaulted.  (*See* Clerk's Entry of Default (ECF No. 11).)  Thereafter, the Plaintiff sought and was granted default judgment in the amount of one hundred twenty-eight thousand, five hundred thirty-nine dollars and sixty cents ($128,539.60).  (*See* Default Judgment (ECF No. 17); hereafter, "Judgment".) For each month the judgment remained outstanding, Plaintiff was entitled to an additional sum of one thousand seven hundred seventy-two dollars and twenty-six cents ($1,772.26).  (*See* Judgment at 2.)

Despite numerous attempts,[1] Plaintiff has been unable to collect the Judgment and, although Plaintiff served an information subpoena (hereafter, "Subpoena") on the Defendant's president, Edward J. Kezys ("Kezys"), a non-party to this action (*see* ECF No. 18-3 at 105),

---

[1] "The Facts" section of the Report and Recommendation addresses the facts and procedural history which has led to the present Motion, in addition to the facts underlying this action; all are hereby incorporated by reference.  See Report at 1-3.

Kezys has never responded to the Subpoena.[2] Ruling on Plaintiff's motion to compel (*see* ECF No. 21), Magistrate Judge Lindsay issued a clear and unambiguous order directing Kezys "to fully respond to the information subpoena," with "[f]ailure to do so" potentially "result[ing] in the imposition of sanctions, including a recommendation that Kezys be held in contempt." (Feb. 14, 2017 Order at 2 (ECF No. 22); hereafter "Compel Order").) Upon Kezys failure to comply with the Compel Order, Plaintiff moved for an order: (1) holding Kezys in contempt; (2) directing the issuance of a bench warrant for Kezys' arrest; and (3) directing Kezys pay Plaintiff's reasonable expenses, including attorneys' fee, for his failure to comply. (*See* Letter Motion for Contempt (ECF No. 24); hereafter "Contempt Motion".)

Presently before the Court is Magistrate Judge Lindsay's April 13, 2017 Report & Recommendation recommending granting the Contempt Motion holding Kezys in civil contempt for failing (i) to respond to the Subpoena, and (ii) to comply with the Compel Order. (*See* Apr. 13, 2017 Report and Recommendation (ECF No. 25); hereafter, "Report".) Plaintiff certified service of the Report upon Kezys as directed by Magistrate Judge Lindsay. (*See* ECF No. 26; *see also* Report at 4.) No objections to the Report were filed and the time to do so has expired. (*See generally* Docket, Case No. 16-cv-2258; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).) For the reasons that follow, the Court adopts Magistrate Judge Lindsay's Report in its

---

[2] Plaintiff initially moved the Magistrate Judge for a contempt order against Kezys. (*See* ECF No. 18.) Magistrate Judge Lindsay refused to find Kezys in contempt or issue an order compelling compliance with the Subpoena because it was unclear from the record whether the Subpoena was served in accordance with Federal Rule of Civil Procedure 45(b)(1). (*See* Jan. 12, 2017 Order at 2; ECF No. 19.) She also "advised [Plaintiff] that the court will first consider a letter motion to compel in aid of execution before it rules on a motion for contempt." (*Id.*) Thereafter, on January 25, 2017, Plaintiff did file a letter motion seeking an order compelling Kezys' compliance with the Subpoean. (*See* ECF No. 21.)

entirety, which certifies the facts warranting the issuance of an order of contempt and recommends granting the Contempt Motion.

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y.2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.  Discussion

"Civil sanctions have two purposes: to coerce compliance with a court order and to compensate" a party harmed by the non-compliance. *CBS Broad, Inc. v. FilmOn.con, Inc.*, 814 F.3d 91, 101 (2d Cir. 2016); *see also Nat'l Org of Women v. Terry*, 159 F.3d 86, 93 (2d Cir.

1998). Where the purpose of a civil sanction is to make a party comply, the court must exercise its discretion in determining the proper sanction, considering the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). Therefore, courts may use incarceration as a coercive sanction for civil contempt if "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828-29 (1994) (internal citations and quotation marks omitted); *see also Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 635 n.7 (1988). A court may exercise its discretion in issuing a contempt order where three conditions are present:

> (1) there is a 'clear and unambiguous' order, (2) the proof of non-compliance with the order is 'clear and convincing,' and (3) 'the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered.'

*Ferrara v. BD haulers Inc.*, No. 11-cv-940 (ADS), 2016 WL 6683474, at * 2 (E.D.N.Y. Nov. 12, 2016)(further citation omitted); *see also United States v. Local 1804-1, Int'l Longshoremen's Ass'n, AFL-CIO*, 44 F.3d 1091, 1096 (2d Cir. 1995)(same)(further citation omitted).

In general, " 'a valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court.' " *Sheet Metal Workers' Nat'l Pension Fund v. Amodeo*, No. 09-cv-121, 2016 WL 3080807, at *8 (E.D.N.Y. May 27, 2016)(quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)); *see also Beare,v. Millington*, No. 07-cv-3391, 2010 WL 234771, at *3 (E.D.N.Y. Jan. 13, 2010)("Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served.") (citation

omitted)).  Pursuant to Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or order related to it."  Fed. R. Civ. P. 45(g); *see also Jalayer v. Stigliano*, No. 10-cv-2285, 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016) (noting that Rule 45(g) is "[t]he authority in the Federal Rules of Civil Procedure for the imposition of sanctions . . . for failure to comply with a subpoena," and observing that "[t]he Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena") (citation and quotation marks omitted)).  Relatedly, when a party served with a plaintiff's post-judgment discovery demands fails to object to – or otherwise ignores – those demands, that party has waived any objections it might otherwise have raised.  *See Ferrara*, 2016 WL 6683474, at *3; *see also Gibbons v. Smith*, No. 01-cv-1224, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010).

On the present record, the Magistrate Judge certifies that Plaintiff has adduced sufficient evidence establishing a *prima face* case of Kezys' contempt, *i.e.*, there is a clear and unambiguous order (*see* Compel Order, ECF No. 22); the record evidence clearly and convincingly established Kezys' non-compliance with the Compel Order (*see* Report at 2-3); and there has been no attempt on Kezys' part to respond to the Subpoena as directed by the Court (*see id.*).  Having reviewed Magistrate Judge Lindsay's Report, to which no objections were made, and being satisfied that it is not facially erroneous, it is adopted in its entirely.

III.     Conclusion

Accordingly, IT IS ORDERED that Plaintiff's Contempt Motion is granted; Kezys is held in contempt of Court for his failure to comply with the Compel Order and the Subpoena; and

IT IS FURTHER ORDERED that, if Kezys does not fully respond to the Subpoena

within ten (10) business days from personal service of this Order upon him, which shall operate to purge the contempt, and Plaintiff files an affidavit attesting to Kezys' failure to purge his contempt, Kezys will appear and show cause before this Court, at a time and date to be scheduled, why he should not be sanctioned for his continued contempt, including but not limited to, posting security in a sum sufficient to assure his compliance or being incarcerated until he complies with the Subpoena.  **KEZYS IS ON NOTICE**: Failure to appear and show cause as directed by the Court may result in a bench warrant being issued directing the United States Marshals Service to arrest and hold Kezys so that he might appear before this Court during normal business hours and show cause why he should not be further sanctioned; and

IT IS FURTHER ORDERED that Kezys shall pay Plaintiff its expenses, including reasonable attorneys' fees, caused by Kezys contempt of the Compel Order and Subpoena, with such amount being determined by the Court.  Plaintiff may submit a supplemental affidavit for an additional judgment award once execution on the assets of the Defendant is complete; and

IT IS FURTHER ORDERED that this Order be personally served upon Kezys within ten (10) days of entry of this Order, and Plaintiff file proof of such service.

Dated this 26th day of July 1017 at Central Islip, New York.

              __/s/_Sandra J. Feuerstein__
              Sandra J. Feuerstein
              United States District Judge